

U.S. Department of Justice

United States Attorney
District of Connecticut

Connecticut Financial Center  (203)821-3700
157 Church Street
New Haven, Connecticut 06510  Fax (203) 773-5376

September 3, 2013

Richard C. Marquette, Esq.
Goldblatt, Marquette and Rashba, P.C.
60 Washington Street, Suite 302
Hamden, CT 06518

Re:   United States v. David Crespo
      Criminal Number 3:12CR171 (EBB)

Dear Mr. Marquette:

This letter confirms the plea agreement between your client, David Crespo (the "Defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the referenced criminal matter.

### THE PLEA AND OFFENSE

David Crespo agrees to plead guilty to Count 12 of the Indictment charging him with mail fraud, in violation of 18 U.S.C. § 1341. He understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

1. That there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representation or promises, as alleged in the indictment;

2. That the Defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud;

3. That in the execution of that scheme, the Defendant used or caused the use of the mails, as specified in the indictment.

### THE PENALTIES

This offense carries a maximum penalty of 20 years imprisonment. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years to begin at the expiration of any term of imprisonment. The Defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of

Richard C. Marquette, Esq.
September 3, 2013
Page 2

imprisonment of up to two years with no credit for time already spent on supervised release.

The Defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the Defendant is the greatest of the following amounts: (1) twice the gross gain to the Defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the Defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The Defendant agrees to pay the special assessment to the Clerk of the Court on the day of sentencing.

The Defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (i) and § 3612(g).

### Restitution

In addition to the other penalties provided by law, the Court must also order that the Defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

The Defendant agrees that the amount of restitution to be ordered will be decided by the Court at the time of sentencing, where the standard of proof will be preponderance of the evidence. The Defendant agrees that the amount of restitution the Court must order is not limited solely to the count of conviction but to any and all victims of the Defendant's scheme as charged in the Indictment or which would constitute relevant conduct under Section 1B1.3 of the United States Sentencing Guidelines.

### Forfeiture

The Defendant understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The Defendant understands that the Court is required to consider any applicable

Richard C. Marquette, Esq.
September 3, 2013
Page 3

Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The Defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the Defendant, the Government, and the United States Probation Office. The Defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the Defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the Defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the Defendant qualify for a decrease under 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to §3E1.1(b) which recommends that the Court reduce the Defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The Defendant expressly understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the Defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the Defendant is accountable under Sentencing Guideline § 1B1.3, and (2) truthfully disclosing to the Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the Defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the Defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the Defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the Defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The Defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Loss Calculation

The Defendant understands that the loss to the victims of the fraud and/or his gain as charged in the indictment will be determined by the Court at a sentencing hearing where the

Richard C. Marquette, Esq.
September 3, 2013
Page 4

standard of proof will be preponderance of the evidence.

### Departures and Non-Guideline Sentences and Appeal Rights Regarding Sentencing

The Defendant reserves his right to seek a downward departure and/or non-guideline sentence, and the Government reserves its right to oppose a downward departure and/or non-guideline sentence, and to seek whatever sentence it deems appropriate.

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by 18 U.S.C. § 3742.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the Defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Guilty Plea

The Defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The Defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The Defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The Defendant understands that, if he pleads guilty, the Court may ask him questions about Count 12 to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The Defendant agrees that, should the conviction following Defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement

Richard C. Marquette, Esq.
September 3, 2013
Page 5

(including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against Defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The Defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The Defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The Defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The Defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The Defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The Defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the Defendant in the case.

The Defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The Defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The Defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other Federal authority, or any state or local authority. The Defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the Defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him. The Defendant additionally acknowledges that pleading guilty does not absolve him from any civil liability that he may have and the victim's of his scheme remain free to bring civil suits against him.

## COLLATERAL CONSEQUENCES

The Defendant further understands that he will be adjudicated guilty of Count 12 to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The Defendant understands that

Richard C. Marquette, Esq.
September 3, 2013
Page 6

pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the Defendant for analysis and indexing. Finally, the Defendant understands that the Government reserves the right to notify any state or Federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## RESERVATION OF RIGHTS UNDER RULE 41

Upon request, the government will consider returning any items specified by the Defendant that were seized during the search of the Defendant's business. Should the Government and the Defendant be unable to reach agreement on which items should be returned to him, the Defendant reserves his right to move the Court, pursuant to Rule 41 of the Federal Rules of Criminal Procedure, to order the return of any seized property. The government reserves its right to oppose any such motion.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The Defendant's guilty plea, if accepted by the Court, will satisfy the Federal criminal liability of the Defendant in the District of Connecticut as a result of his participation in the fraudulent conduct which forms the basis of the Indictment in this case. After sentencing, the Government will move to dismiss the remaining counts of the Indictment

The Defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, Defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The Defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
ACTING UNITED STATES ATTORNEY

ANTHONY E. KAPLAN
ASSISTANT UNITED STATES ATTORNEY

Richard C. Marquette, Esq.
September 3, 2013
Page 7

      The Defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

| | |
|---|---|
| _____ | 9/3/2013 |
| RICHARD C. MARQUETTE, ESQ | Date |
| The Defendant | |

      I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

| | |
|---|---|
| _____ | 9/3/2013 |
| DAVID CRESPO | Date |
| The Defendant | |

Richard C. Marquette, Esq.
September 3, 2013
Page 8

## RIDER CONCERNING RESTITUTION

The Court shall order that the Defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include the following:

a. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the Defendant to:

b. Return the property to the owner of the property or someone designated by the owner; or

c. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

The greater of -

a. the value of the property on the date of the damage, loss, or destruction; or

b. the value of the property on the date of sentencing, less the value as of the date the property is returned.

The order of restitution has the effect of a civil judgment against the Defendant. In addition to the court ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the Defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the Defendant's re-sentencing to any sentence which might originally have been imposed by the Court. See 18 U.S.C. § 3614. The Court may also order that the Defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.